IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Thomas M. Grabanski and Mari K. Grabanaski<br><br>Debtors. | Bankruptcy No. 10-30902<br><br>Chapter 11 |
| Thomas M. Grabanski and Mari K. Grabanski, a/k/a Grabanski Grain, LLC, a/k/a G & K Farms, a/k/a Tom Grabanski, a/k/a MTM Farms,<br><br>Appellants,<br><br>-vs-<br><br>Crop Production Services, Inc., Creditor Committee, Daniel McDermott, U.S. Trustee,<br><br>Appellees. | Case No. 3:15-cv-20<br><br>Appeal from District of North Dakota Bankruptcy Court |

Before the Court is attorney DeWayne Johnston's Notice of Appeal regarding a Show Cause Order issued by the Bankruptcy Court for the District of North Dakota.[1] The Show Cause Order directed DeWayne Johnston/Johnston Law Firm to appear at an evidentiary hearing on April 9, 2015, and explain why funds paid to Johnston Law Firm should not be disgorged and the Johnston Law Firm should not be sanctioned.[2]

Section 158 of Title 28, United States Code provides, in relevant part:

(a)  The district courts of the United States shall have jurisdiction to hear appeals

---

[1] Doc. #1

[2] Doc. #1-2.

1

>   (1)   from final judgments, orders, and decrees;
>
>   (2)   from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
>   (3)   with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of the bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .

The only subsection applicable is the third one. As an interlocutory bankruptcy court order, Johnston must obtain leave of court to appeal.[3] "The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary."[4] The court declines the invitation to interfere with ongoing bankruptcy proceedings.

Judge Collins' stated purpose for an evidentiary hearing is to develop the record and allow Johnston an opportunity to explain why there should not be disgorgement and why there should not be sanctions imposed. Judge Collins specifically informed Johnston that this is not a "witch hunt" and has made no decision on the merits of the U.S. Trustees' or creditors' claims.[5] There are no "controlling questions of law" raised by Johnston that warrant interference by this court in ongoing bankruptcy proceedings. The bankruptcy court is fully capable of addressing Johnston's jurisdictional claims. Moreover, with regard to Johnston's claim of lack of advance notice, the bankruptcy

---

[3] In re M & S Grading, Inc., 526 F.3d 363, 369 (8th Cir. 2008) (denial of a motion to show cause is viewed as an interlocutory decision).

[4] Id. at 371.

[5] Doc. #1-3, p. 47 of 203, Transcript of February 26, 2015, hearing: "Maybe I disgorge. Maybe I don't. Maybe I order sanctions. Maybe I don't."; p. 55 "The issues deal with your compensation. It's not a witch hunt. It's an order to show cause. It's going to be done on facts and law."

court has given Johnston in excess of five weeks to prepare for the hearing. This court is not in a position to review the claims raised by Johnston in his appeal until the record is fully developed.

Johnston's Notice of Appeal involves an interlocutory order. As such, he needs leave of the court to appeal. The motion for leave[6] is DENIED. This case is remanded to the bankruptcy court for further proceedings.

**IT IS SO ORDERED**.

Dated this 18th day of March, 2015.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court

---

[6] Doc. #2.